Brown, Clopton and Christian, J.
dissenting from the majority of the court on the point last adverted to, united in delivering the following opinion.
The accused was indicted at the last term of the superiour court for the county of Pittsylvania, for the murder of Joel H. Echols. He was found guilty by the jury, and subsequently moved-the court to set aside the verdict and to grant him a new trial. The court refused the new trial. An exception was taken to the opinion of the court, and at the instance of the accused the judge certified the evidence.
The accused has applied to this court for a writ of error. In his petition, he states two grounds for it; first, that the verdict is not' warranted by the law and the evidence; secondly, the discovery of material evidence since the trial. Upon both these grounds we agree in opinion with the majority of the court, and therefore deem it unnecessary to say anything in addition to what has been already stated in the opinion of the court.
But the counsel for the accused, in the argument here, has raised another question; to wit, whether it is necessary, in a criminal trial, where the jury is adjourned, that the officer in whose custody the jury is placed should be sworn; and whether, if it be necessary, the record of the case should shew the fact ? On this lat *753 ter question, we (with great deference) differ from the majority of the court. We are of opinion that the officer should be sworn, and that the record should shew the fact. We think, upon a reference to the english authorities, it will be found to have been always the practice in England. See 1 Chitty’s Crim. Law, p. 628, 629. The author says, when the jury has been adjourned, the bailiffs are sworn “ well and truly to keep the jury, and neither to speak to them themselves, nor suffer any other person to speak to them, touching any matter relative to this trialand he refers to 6 T. R. 530. 531. The case referred to is the case of The King v. Stone. In that case the jury was adjourned; and in the report of the case is a copy of the entry of adjournment, directed by lord Kenyon, chief justice. That portion of it which affects this question is in these words: “ The jury impanneled and sworn to try the said issue have leave to withdraw from the bar of this court, being well and truly kept by six bailiffs, sworn not to permit any person to speak to them touching any matter relative to the trial of this issue.” The same doctrine is to be found in Hawkins, Hale and Butter; and no authority has been found of any precedent or dictum to the contrary. These authorities certainly go to shew that such has been the practice in England: and such being the uniform practice, we presume it is the common law. Here the practice, we understand, has generally, though not universally, been the same. We think that the practice is founded in sound reason, and should not be departed from ; that the record should shew this fact, precisely as it shews the swearing of the jury; and that not to shew it, is error. We do not think it the ex officio duty of the sheriff to attend an adjourned jury in a criminal case. In looking to the duties of the sheriff) we have not been able anywhere to find such stated to be the law. We presume the sheriff’ here, ex officio, has no greater powers or rights than the *754 sheriff in England; and there, we think we have shewn, such was not the ex oficio duty of the sheriff. The bailiff in England answers almost precisely to that of deputy sheriff here. The bailiffs took the same oath which the sheriff took ; and though thus sworn, the courts in England, as already stated, uniformly swore them when an adjourned jury was committed to their charge. And this easy and reasonable protection seems to us necessary to the interests of the commonwealth and of the accused.
We think it may be safely affirmed that any practice, especially one salutary and wise, well calculated to protect and insure the rights and interests of the commonwealth and the accused, in criminal trials, which has been uniformly pursued for a long series of years, ought to be regarded as furnishing the law; and that to depart from such practice would be to depart from the law.
Writ of error denied.